# In the United States Court of Federal Claims

No. 15-294C
(Filed July 21, 2026)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
J. CASARETTI, et al.,             *
                                  *
              Plaintiffs,         *
                                  *
     v.                           *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiffs have filed a motion to reopen class certification to allow an additional forty-seven Federal Air Marshals, hired after the initial 2020 opt-in deadline date, to join the class. *See* Pls.' Unopposed Third Mot. to Reopen Class Certification at 4, ECF No. 242. The motion is uncontested, with the understanding that, *inter alia*, the government may later contest these individuals' eligibility to participate in the class. *See id.* at 6–7.

The Court first certified the class in May 2020. *See* Order (May 29, 2020), ECF No. 91. Plaintiffs' counsel filed a revised notice of collective action on June 23, 2020. Notice of Filing Revised Notice of Collective Action, ECF No. 101. The opt-in window closed ninety days after this notice was sent to putative class members. *See* Order (June 23, 2020), ECF No. 100. Later, plaintiffs' counsel filed a motion to reopen class certification to allow 226 additional air marshals to join, which the Court granted. *See* Order (Oct. 23, 2024), ECF No. 214 (granting Plaintiff's Motion to Reopen Class Certification, ECF No. 210). On May 2, 2025, plaintiffs' counsel filed a second motion to reopen class certification, this time asking the Court to allow eighty-eight additional current-or-former air marshals to join the class. *See* Pls.' Unopposed Second Mot. to Reopen Class Certification at 4, ECF No. 237. The Court subsequently granted plaintiffs' Second Motion to Reopen Class Certification. *See* Order (May 7, 2025), ECF No. 239.

1

"An order that grants or denies class certification may be altered or amended before final judgment." Rule 23(c)(1)(C) of the Rules of the United States Court of Federal Claims (RCFC). In addition, a "deadline for opting into a class action should not be viewed as something that is sacrosanct, like a statute of repose which absolutely bars claims." *Ysla v. United States*, 178 Fed. Cl. 728, 732 (2025). Rather, class certification deadlines are meant "to expedite disposition" and allow a case "to proceed in diligent fashion." *Id.* (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)).

Here, it is appropriate in this instance to allow the identified forty-seven individuals to opt into the class by filing written consents after the deadline, avoiding the inefficiencies involved with the filing of a new case. Therefore, the Court **GRANTS** Plaintiffs' Unopposed Third Motion to Reopen Class Certification, ECF No. 242.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge